IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-311

 No. COA20-650

 Filed 6 July 2021

 Cleveland County, Nos. 17 CRS 56572, 19 CRS 1728

 STATE OF NORTH CAROLINA,

 v.

 WILLIAM MAURICE LOGAN, Defendant.

 Appeal by defendant from judgment entered 30 October 2019 by Judge Gregory

 R. Hayes in Cleveland County Superior Court. Heard in the Court of Appeals 26 May

 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Joseph
 E. Elder, for the State.

 W. Michael Spivey for Defendant-Appellant.

 CARPENTER, Judge.

¶1 William Maurice Logan (“Defendant”) appeals from judgment entered upon a

 jury’s verdict finding him guilty of possession of a firearm by a felon pursuant to N.C.

 Gen. Stat. § 14-415.1 and attaining habitual felon status pursuant to N.C. Gen. Stat.

 § 14-7.1. On appeal, Defendant argues the trial court erred by denying his motion to

 suppress evidence obtained by a search warrant that was based on stale information,

 unsupported by probable cause, and overbroad. For the following reasons, we reverse

 the trial court’s ruling on Defendant’s motion to suppress, vacate the judgment, and
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 grant Defendant a new trial.

 I. Factual & Procedural Background

¶2 The evidence at trial tended to show the following: at approximately 2:48 a.m.

 on 17 December 2017, officers from the Shelby Police Department were dispatched to

 the business address of 801 South Lafayette Street in Shelby, North Carolina, in

 response to a citizen’s service call regarding a “loud noise” complaint.

¶3 At about 2:53 a.m., Detective Brandon Smith (“Detective Smith”), the lead

 officer on the case, and Officer Brent Walker (“Officer Walker”) arrived at the address

 in response to the call. The officers parked across the street “[b]ecause the parking

 lot of the building was packed with other vehicles.” As the officers reached the

 parking lot, they heard loud music and detected “a strong odor of burnt marijuana”

 coming from the building. Detective Smith testified that there were approximately

 one hundred people in the building before the officers were able to enter and secure

 it. Defendant corroborated this estimate in his affidavit in support of the motion to

 suppress by stating that on the evening in question, he “opened [his] place of business

 to be used as a venue for a party and had over one hundred guests . . . come.”

¶4 Defendant approached the officers as they walked into the parking lot of 801

 South Lafayette Street; he told them several times it was “his building,” and he was

 throwing a party. In his affidavit, Defendant declared he was “the lawful

 occupant/tenant of the premises” located at that address, and he used the building as
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 an “auto detail shop.” The officers informed Defendant that their “reason for being

 there was the noise ordinance.” Defendant responded that he would “try to get the

 music turned down.” The officers advised Defendant that they would have to further

 investigate the issue of the marijuana odor. Defendant did not consent to the officers

 searching the building. Detective Smith then called Sergeant Gabe McKinney

 (“Sergeant McKinney”) on the dispatch radio and requested that he come to the

 location and “assist with the application of a search warrant.” As they prepared to

 apply for the warrant, Defendant ran to the door of the building and told the

 attendees, “[l]ock the door, don’t let anybody in.” An attendee locked the door from

 the inside.

¶5 Defendant remained outside with Officer Smith and the other officers while

 the warrant was obtained. Detective Smith and Officer Walker testified that while

 they were waiting, the officers heard a “metallic bang” come from inside the building.

 According to Detective Smith, they then saw through a crack in the curtains “flashing

 lights[,] someone erecting a ladder,” and then someone climbing up the ladder.

¶6 Approximately twenty to thirty minutes after the officers arrived, they made

 entry as individuals exited from the door, and secured the building to ensure officer

 safety. The officers attempted to search consenting individuals as they exited the

 building; however, because those consenting outnumbered officers, not everyone

 could be searched. Of the individuals who were searched, no “guns, ammunition,
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 contraband, or narcotics” were found on their persons.

¶7 Sergeant McKinney arrived at the location and spoke with Detective Smith

 regarding the odor of marijuana. Sergeant McKinney then left the scene to apply for

 the search warrant with the magistrate’s office between 3:30 a.m. and 4:00 a.m. At

 4:05 a.m. the same morning, Magistrate Joshua Bridges issued the search warrant.

 Approximately thirty minutes after Sergeant McKinney had initially arrived at 801

 South Lafayette Street, he returned and executed the search warrant. He read the

 search warrant to Defendant, and officers began to search the building.

¶8 During the officers’ search, they initially found two firearms in a locked supply

 closet: a pistol up on a horizontal structural beam above the closet and a shotgun in

 the corner of the closet floor. Detective Smith testified that this locked supply closet

 could not be seen through the window from the outside of the building; therefore, it

 was not the same room in which he saw the ladder being erected. Sergeant McKinney

 notified Defendant when the first two firearms were located, and Defendant

 responded that “he didn’t know anything about a pistol but did own that shotgun.”

 Defendant made this statement to Sergeant McKinney before Defendant was charged

 with or arrested for any crimes.

¶9 An officer subsequently located two additional firearms “on top of a heater that

 was suspended from the ceiling” in the same storage room. The officers were not

 aware of Defendant’s convicted felon status until after they conducted the search.
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 Detective Smith testified during voir dire on the motion to suppress that “[o]nce [the

 officers] had located the firearms in the building [they] called in to dispatch to check

 and see if [Defendant] had any felony convictions”—it was confirmed that he did.

¶ 10 In addition to the four firearms, the officers also found and seized ammunition,

 shotgun shells, a glass smoking pipe, a pill bottle containing one white pill, a digital

 scale with marijuana residue, and a Mason jar containing marijuana residue.

 Following the search, Defendant was arrested and charged by magistrate’s order with

 one count of possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1.

¶ 11 On 19 March 2018, a Cleveland County grand jury indicted Defendant on one

 charge of possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1.

 Defendant was later indicted for having attained habitual felon status pursuant to

 N.C. Gen. Stat. § 14-7.1 on 16 September 2019.

¶ 12 On 28 October 2019, Defendant filed a pretrial motion to suppress all evidence

 obtained as a result of the 17 December 2017 search of 801 South Lafayette Street on

 the basis that the search warrant lacked sufficient probable cause and violated

 Defendant’s constitutional rights under the Fourth and Fourteenth Amendments of

 the United States Constitution and Article 1, Sections 19, 20, and 23 of the North

 Carolina Constitution. He also prayed the court to suppress his arrest for possession

 of a firearm by a felon, to dismiss his charge of possession of a firearm by a felon, and

 to suppress any statements made by Defendant in conjunction with or following the
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 alleged illegal search.

¶ 13 On 28 October 2019, the Cleveland County Superior Court conducted a

 suppression hearing before the Honorable Gregory Hayes on Defendant’s motion to

 suppress to determine whether the magistrate properly concluded that probable

 cause was established based on the supporting affidavit to the search warrant. At

 the conclusion of the hearing, Judge Hayes orally denied Defendant’s motion to

 suppress on the grounds that the State “prove[d] by the preponderance of the evidence

 that probable cause exist[ed] for the issuance of the search warrant . . . .” On 3

 December 2019, the trial court filed a written order on Defendant’s motion to

 suppress (the “Order”), concluding, inter alia, that the 17 December 2017 entry and

 search of Defendant’s building was “legal and based on probable cause.”

¶ 14 On 29 October 2019, a jury trial began before the presiding judge, Judge Hayes.

 The jury returned verdicts finding Defendant guilty of possession of a firearm by a

 felon and attaining habitual felon status. Defendant gave oral notice of appeal in

 open court.

 II. Jurisdiction

¶ 15 This Court has jurisdiction to address Defendant’s appeal pursuant to N.C.

 Gen. Stat. § 7A-27(b)(1) (2019) and N.C. Gen. Stat. § 15A-1444(a) (2019).

 III. Issue

¶ 16 The sole issue on appeal is whether the trial court erred in denying Defendant’s
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 motion to suppress evidence obtained pursuant to a search warrant where the

 supporting affidavit lacked information as to when the alleged events occurred.

 IV. Standard of Review

¶ 17 Our review of a trial court’s denial of a motion to suppress is “strictly limited

 to determining whether the trial judge’s underlying findings of fact are supported by

 competent evidence, in which event they are conclusively binding on appeal, and

 whether those factual findings in turn support the judge’s ultimate conclusions of

 law.” State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). “[T]he trial

 court’s conclusions of law are reviewed de novo and must be legally correct.” State v.

 Pickard, 178 N.C. App. 330, 334, 631 S.E.2d 203, 206, disc. rev. denied, 361 N.C. 177,

 640 S.E.2d 59 (2006).

 V. Motion to Suppress

¶ 18 Defendant challenges the trial court’s denial of his motion to suppress on three

 separate grounds: (1) the search warrant did not provide sufficient information from

 which the magistrate could find probable cause; (2) the information contained in the

 affidavit was stale because the affidavit did not state when the offenses used to

 establish probable cause occurred; and (3) the search warrant was overly broad

 because it included firearms and other items in the description of evidence to be

 seized without providing a reasonable basis for the seizure of such items.

¶ 19 The Fourth Amendment to the United States Constitution, made applicable to
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 the states through the Fourteenth Amendment, protects “[t]he right of the people to

 be secure in their persons, houses, papers, and effects, against unreasonable searches

 and seizures . . . .” U.S. Const. amend. IV, XIV. Under the Fourth Amendment, a

 search warrant may be issued only “upon probable cause, supported by [o]ath or

 affirmation, and particularly describing the place to be searched, and the persons or

 things to be seized.” U.S. Const. amend. IV. “Article I, Section 20 of the Constitution

 of North Carolina likewise prohibits unreasonable searches and seizures and requires

 that warrants be issued only on probable cause” despite its divergent language from

 the United States Constitution. State v. Allman, 369 N.C. 292, 293, 794 S.E.2d 301,

 302–03 (2016); see N.C. Const. art. I, § 20; see also N.C Gen. Stat. § 15A-245 (2019)

 (describing the information an issuing officer may consider “in determining whether

 probable exists for the issuance” of a search warrant).

¶ 20 “Probable cause . . . means a reasonable ground to believe that the proposed

 search will reveal the presence upon the premises to be searched of the objects sought

 and that those objects will aid in the apprehension or conviction of the offender.”

 State v. Campbell, 282 N.C. 125, 128–29, 191 S.E.2d 752, 755 (1972) (citation

 omitted).

¶ 21 North Carolina courts have adopted the “totality of the circumstances” analysis

 for determining sufficiency of search warrant applications to establish probable

 cause. State v. Arrington, 311 N.C. 633, 642, 319 S.E.2d 254, 260 (1984); see State v.
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 Walker, 70 N.C. App. 403, 405, 320 S.E.2d 31, 32 (1984). Under the “totality of the

 circumstances” test, the magistrate’s task in issuing a search warrant “is simply to

 make a practical, common-sense decision whether, given all the circumstances set

 forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of

 persons supplying hearsay information, there is a fair probability that contraband or

 evidence of a crime will be found in a particular place.” Illinois v. Gates, 462 U.S.

 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527, 548 (1983) (citation omitted); see

 also Arrington, 311 N.C. at 638, 319 S.E.2d at 257–58. Thus, in applying the “totality

 of the circumstances” test, a reviewing court must determine “whether the evidence

 as a whole provides a substantial basis for concluding that probable cause exists.”

 State v. Beam, 325 N.C. 217, 221, 381 S.E.2d 327, 329 (1989).

¶ 22 Under North Carolina law, an application for a search warrant must meet

 certain requirements. See N.C. Gen. Stat. § 15A-244 (2019). One such requirement

 is “each application . . . must be made in writing upon oath or affirmation.” Id.

 Furthermore, each application must contain:

 (1) The name and title of the applicant; and
 (2) A statement that there is probable cause to believe
 that items subject to seizure under [N.C. Gen. Stat.
 §] 15A-242 may be found in or upon a designated or
 described place, vehicle, or person; and
 (3) Allegations of fact supporting the statement. The
 statements must be supported by one or more
 affidavits particularly setting forth the facts and
 circumstances establishing probable cause to believe
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 that the items are in the places or in the possession
 of the individuals to be searched; and
 (4) A request that the court issue a search warrant
 directing a search for and the seizure of the items in
 question.

 N.C. Gen. Stat. § 15A-244(1)–(4). Additionally, our case law indicates that an

 affidavit supporting a search warrant application “is sufficient if it supplies

 reasonable cause to believe that the proposed search for evidence of the commission

 of the designated criminal offense will reveal the presence upon the described

 premises of the objects sought and that they will aid in the apprehension or conviction

 of the offender.” State v. Vestal, 278 N.C. 561, 576, 180 S.E.2d 755, 765 (1971), disc.

 rev. denied sub nom. Vestal v. North Carolina, 414 U.S. 874, 94 S. Ct. 157, 38 L. Ed.

 2d 114 (1973).

¶ 23 It is well-established in North Carolina that “a magistrate is entitled to draw

 reasonable inferences from the material supplied to him by an applicant for a

 warrant.” State v. Sinapi, 359 N.C. 394, 399, 610 S.E.2d 362, 365 (2005). However,

 “[b]efore a search warrant may be issued, proof of probable cause must be established

 by facts so closely related to the time of issuance of the warrant so as to justify a

 finding of probable cause at that time.” State v. Lindsey, 58 N.C. App. 564, 565, 293

 S.E.2d 833, 834 (1982).

 A. Four Corners of Affidavit & Lack of a Temporal Component

¶ 24 In his first argument, Defendant contends that “[t]he circumstances set forth
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 in the search warrant were not sufficient to permit the magistrate to arrive at a

 common-sense decision that there was a fair probability that contraband or evidence

 of a crime would be found in [his] building.” Specifically, Defendant argues that the

 affidavit’s absence of information as to “when the officers smelled marijuana”

 prevented the magistrate from making “a reasoned determination” that there was

 probable cause to issue the search warrant. Hence, the “trial court cured the

 deficiencies” of the affidavit by relying on information outside the four corners of the

 search warrant to find probable cause. The State argues the trial court’s order

 denying Defendant’s motion to suppress was not improperly based on evidence

 outside of the four corners of the warrant application. And even if the court did err

 in relying on evidence beyond the affidavit, the State argues “the remaining findings

 of fact support a conclusion that the warrant was issued based on probable cause.”

¶ 25 The State correctly asserts in its brief that Defendant failed to preserve the

 issue of “staleness” for appellate review; however, because the issues—whether the

 trial court considered only the four corners of the affidavit, and whether the affidavit

 contained current information upon which proximate cause could be found—are

 inexorably intertwined in this case, we consider the arguments together. Although

 the affidavit failed to provide any reference of time to indicate when the alleged facts

 occurred, the State contends “the magistrate was permitted to infer that the officers’

 observations occurred shortly before [Sergeant] McKinney applied for a search
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 warrant” at around 4:00 a.m. due to “the nature of the investigation and the early

 hour at which [Sergeant] McKinney appeared to apply for the search warrant . . . .”

¶ 26 After careful review, we agree with Defendant that the affidavit in support of

 the search warrant application did not provide sufficient facts from which the

 magistrate could conclude there was probable cause because it did not specify when

 the purported events occurred nor did it indicate sufficient facts from which the

 magistrate could reasonably infer the timing of such events; therefore, for the reasons

 set forth below, the search warrant obtained as a result of the affidavit was invalid

 and resulted in an unreasonable search and seizure. See U.S. Const. amend. IV; N.C.

 Const. art. I, § 20.

¶ 27 In addition to ensuring an application for a search warrant meets the

 requirement imposed in N.C. Gen. Stat. § 15A-244, the issuing official is charged with

 verifying the basis for the issuance of a search warrant is justified. As part of this

 duty,

 the issuing official may examine on oath the applicant or
 any other person who may possess pertinent information,
 but information other than that contained in the affidavit
 may not be considered . . . in determining whether probable
 cause exists . . . unless the information is either recorded
 or contemporaneously summarized in the record or on the
 face of the warrant by the issuing official.

 N.C. Gen. Stat. § 15A-245(a) (emphasis added). Similarly, our Supreme Court has

 affirmed that a trial court may not consider facts “beyond the four corners” of a search
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 warrant in determining whether a search warrant was supported by probable cause

 at a suppression hearing. State v. Benters, 367 N.C. 660, 673, 766 S.E.2d 593, 603

 (2014) (internal quotation marks omitted). Therefore, evidence “outside the four

 corners” should not be considered by the trial court at a suppression hearing, and any

 findings of fact made by the trial court referencing such information are considered

 “immaterial to [the reviewing court’s] determination of whether probable cause

 existed.” State v. Parson, 250 N.C. App. 142, 154, 791 S.E.2d 528, 537 (2016).

¶ 28 Here, Sergeant McKinney included with his application for a search warrant

 an affidavit in which he recited his training and experience and swore to the following

 facts to establish probable cause for the issuance of a search warrant:

 [t]his search warrant pertains to an investigation being
 conducted by the Shelby Police Department concerning 801
 S. Lafayette St. Shelby, NC. Officers were dispatched to
 801 S. Lafayette St. in reference to a loud music complaint.
 Upon Officers Brandon Smith and Officer Brent Walker
 [sic] arrival they spoke with a William Logan about the
 loud music. While speaking with Mr. Logan the Officers
 could smell marijuana coming from inside the business.

 Based on the totality of the circumstances[,] Sergeant
 McKinney believes a reasonable person would suspect that
 illegal narcotics and drug paraphernalia are being kept at
 this residence. And a search of this residence is warranted.

 Sergeant McKinney described the evidence to be seized as: (1) marijuana; (2) any

 other controlled substance; (3) currency (domestic or foreign); (4) guns/ammunition;

 (5) ledgers or any other similar documentation; (6) drug paraphernalia; (7)
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 documentation to establish residency; (8) any other item of evidentiary value; and (9)

 cellular phone. He provided in his application a description of the location and

 address of the residence to be searched.

¶ 29 Following the hearing on Defendant’s motion to suppress, the trial court made

 the following pertinent findings of fact:

 (1) That on December 17, 2017, Officers with the Shelby
 Police Department (SPD) responded to 801 S.
 Lafayette Street, Shelby, North Carolina 28150 in
 reference to a loud noise complaint at approximately
 2:48 AM.
 (2) Upon Officer Brandon Smith and Officer Brent
 Walker’s arrival, they observed a lot of vehicles in
 this building[’]s parking lot, they heard the loud
 noise coming from the building and smelled
 marijuana emitting from the building in question.
 (3) While approaching said building, the Officers were
 approached by the Defendant. The Defendant told
 the Officers this was his building and he was in
 control of the building. The Officers informed him of
 the loud noise complaint and the odor of marijuana
 coming from the Defendant[’]s building.
 (4) Officer Smith and Officer Walker contacted other
 SPD Officers for assistance, including [Sergeant]
 McKinney who had sixteen years of experience with
 the SPD, about obtaining a search warrant and
 assisting them with this investigation.
 (5) [Sergeant] McKinney, as well as other Officers,
 arrived at said location and noticed the smell of
 marijuana coming from the Defendant[’]s building
 as well.
 (6) [Sergeant] McKinney left the scene to obtain a
 search warrant.
 (7) In [Sergeant] McKinney’s experience as a law
 enforcement officer, firearms, ammunition, drugs
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 including marijuana, and U.S. currency go hand in
 hand.
(8) While waiting for the search warrant, Officers with
 the SPD at 801 S. Lafayette St. were able to make
 entry to the building and lock down the building for
 community safety and officer safety while awaiting
 the search warrant.
(9) [Sergeant] McKinney applied for the search warrant
 in writing upon oath that contained the name and
 title of the applicant, [Sergeant] McKinney on
 12/17/2017 for a search of 801 S. Lafayette St.,
 Shelby, NC 28150 and its curtilage. That there was
 probable cause to search said place due to the smell
 and odor of marijuana emitting from said building.
 The place to be searched was properly described.
 The description of evidence to be seized was properly
 described and contained items that go hand in hand
 with marijuana. [Sergeant] McKinney outlined in
 detail his experience as a law enforcement officer
 and that the Officers could smell marijuana coming
 from inside this building in an affidavit establishing
 probable cause.
(10) [Sergeant] McKinney returned with a valid search
 warrant for 801 S. Lafayette St. and executed the
 search warrant. The search warrant was read to the
 Defendant. Officers with SPD then began with the
 search of the building.
(11) Among other things, while searching said building
 Officers located documents indicating the building
 was in the Defendant’s control, drug paraphernalia,
 marijuana, ammunition and four firearms. The
 firearms located were in a locked room that the
 Defendant informed the Officers was his room and
 the room he kept all his supplies. One of the
 firearms was a loaded shotgun.
(12) The Defendant also made a statement to [Sergeant]
 McKinney that he knew about the shotgun located
 but did not know about the pistol.
(13) The Defendant made such statements about the
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 room with the firearms and the admission about
 knowing about the shotgun on his own free will. The
 Defendant was not in custody when making such
 statements and was not being interrogated.
 (14) Through the investigation, the Officers learned the
 Defendant was a convicted felon and was therefore
 not legally allowed to possess a firearm.
 (15) The Defendant was charged according.

¶ 30 Defendant challenges findings of fact 1 through 15 of the Order on the ground

 the trial court relied on information outside the four corners of the warrant to

 determine whether the magistrate had probable cause to issue the search warrant.

 The State concedes that numerous findings of fact are based on information either

 outside the affidavit or are related to matters that occurred subsequent to the

 magistrate issuing the search warrant, but nonetheless the State argues that there

 were sufficient findings of fact to support the trial court’s determination that probable

 cause existed.

¶ 31 Our Supreme Court has stated “[t]he question for review [of a motion to

 suppress] is whether the ruling of the trial court was correct . . . .” State v. Austin,

 320 N.C. 276, 290, 357 S.E.2d 641, 650 (1987). Thus, “[t]he crucial inquiry for th[e

 appellate c]ourt is admissibility and whether the ultimate ruling was supported by

 the evidence.” Id. at 290, 357 S.E.2d at 650.

¶ 32 In this case, we need not consider Defendant’s specific challenges to the

 findings of fact and conclusions of law because we conclude the trial court erred in
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 denying Defendant’s motion to suppress and finding probable cause existed for the

 search warrant based on the affidavit, which lacked sufficient facts to show when the

 alleged criminal activity occurred. The “ultimate ruling” concluding probable cause

 existed for the search warrant could not be “supported by the evidence” because the

 search warrant was based on a facially insufficient and thus deficient supporting

 affidavit. See id. at 290, 357 S.E.2d at 650. However, we note the trial court

 improperly applied the preponderance of the evidence standard at the hearing on the

 motion to suppress in determining whether probable cause existed for the search

 warrant. Moreover, the written order denying the motion to suppress does not

 reference the “totality of the circumstances” test; rather, it concludes that the search

 warrant was “valid and legal” pursuant to N.C. Gen. Stat. § 15A-244. Therefore, it is

 unclear from the record whether the Order reflects the correct standard by which the

 trial court was to review the search warrant.

¶ 33 Our Court has not previously determined whether a search warrant affidavit

 based on officers’ personal observations is fatally defective where the affidavit fails to

 specify when the purported facts occurred. In State v. Campbell, our Court considered

 whether an affidavit upon which a search warrant was issued provided “a sufficient

 basis for the finding of probable cause.” 14 N.C. App. 493, 494, 188 S.E.2d 560, 561,

 aff’d, 282 N.C. 125, 191 S.E.2d 752 (1972). Our Court noted the affidavit contained

 statements that some undisclosed issuing officer on dates
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 not stated, upon complaints, the factual basis for which is
 not revealed, made to him by complainants whose identity
 and reliability are not indicated, had found probable cause
 to order the arrest of the persons accused for offenses
 allegedly committed by them at places not specified on
 dates ranging from approximately three to seven weeks
 previous to the date of the affidavit.

 Id. at 496, 188 S.E2d at 562. We held that the trial court erred in overruling the

 defendant’s objections to the admission of evidence; thus, we remanded the case for a

 new trial. Id. at 497, 188 S.E.2d at 562. Since the affidavit did not provide sufficient

 facts from which a magistrate could conclude that the purported events had “occurred

 on or in connection with the premises to be searched,” we did not reach the issue of

 whether the lack of timing as to the purported events made the affidavit defective.

 Id. at 497, 188 S.E.2d at 562.

¶ 34 In State v. Newcomb, our Court considered a supporting affidavit which was

 based on information obtained by an informant whose credibility was not known. 84

 N.C. App. 92, 95, 351 S.E.2d 565, 567 (1987). Moreover, the affiant did not attempt

 to corroborate the informant’s statements before applying for the search warrant. Id.

 at 95, 351 S.E.2d at 567. The affidavit did not indicate when the informant had last

 been in the residence in which the officer sought to search, nor did it indicate whether

 the informant had “current knowledge of details” surrounding the alleged events. Id.

 at 95, 351 S.E.2d at 567. We held the affidavit failed to demonstrate probable cause,

 and our Court refused to apply the Leon “good faith exception” because “the officer
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 took no reasonable steps to comply with the fourth amendment.” Id. at 96, 351 S.E.2d

 at 567; see United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677

 (1984); State v. Welch, 316 N.C. 578, 342 S.E.2d 789 (1986).

¶ 35 Similarly, in State v. Brown, our Court found the affidavit at issue to be

 substantially similar to the affidavit considered by the Newcomb Court because it

 failed to specify when an informant had witnessed the defendant’s purported criminal

 activities—it only provided timing as to when an officer had spoken to the informant.

 248 N.C. App. 72, 77, 79–80, 787 S.E.2d 81, 86–87 (2016). Therefore, we held the

 information in the affidavit was stale. Id. at 80, 787 S.E.2d at 88. Accordingly, we

 reversed the trial court’s order denying suppression and vacated the judgment. Id.

 at 80, 787 S.E.2d at 88.

¶ 36 We are cognizant that the cases of Newcomb and Brown are distinguishable on

 the grounds that those cases involved information provided by confidential

 informants whereas the case sub judice concerns information obtained from the

 personal observations of police officers. We nevertheless find the cases instructive in

 reaching our conclusion that the search warrant at issue was invalid on the ground

 the affidavit lacks a sufficient nexus between the odor of marijuana and the building

 to be searched at the time the warrant was executed. Our holding is also consistent

 with the rule of law that a magistrate must be able to reasonably infer when alleged

 facts occurred to find probable cause. See Lindsey, 58 N.C. App. at 565, 293 S.E.2d
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

at 834 (“The test for ‘staleness’ of information on which a search warrant is based is

whether the facts indicate that probable cause exists at the time the warrant is

issued.”); State v. Cobb, 21 N.C. App. 66, 69, 202 S.E.2d 801, 804 (1974) (holding a

“magistrate could realistically and reasonably conclude from the affidavit that the

informer observed the events so recently that reasonable cause existed to believe that

the illegal activities were occurring at the time of the issuance of the warrant.”)

(emphasis added). Other jurisdictions have adopted similar approaches in

considering the validity of search warrants where trial courts found probable cause

based on affidavits lacking any reference to time. See United States v. Doyle, 650

F.3d 460, 475 (4th Cir. 2011) (rejecting the Leon good faith exception “where the

totality of the information provided to the magistrate included no indication as to

when the events supposedly creating probable cause to search took place”);

Herrington v. State, 287 Ark. 228, 233, 697 S.W.2d 899, 901 (1985) (“An affidavit . . .

with absolutely no reference to a time frame, does not provide sufficient information

upon which a probable cause determination can be made.”); Garza v. State, 120 Tex.

Crim. 147, 151, 48 S.W.2d 625, 627 (1932) (holding an affidavit was inadequate to

support a search warrant where the statements in the affidavit did not “convey[ ] any

definite idea as to when the incident [the affiant] describe[d] took place”); Welchance

v. State, 173 Tenn. 26, 28, 114 S.W.2d 781, 781 (1938) (stating the date of the alleged

offense was “essential” in order for the magistrate to determine whether probable
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 cause existed); see also United States v. Zayas-Diaz, 95 F.3d 105, 114–15 (1st Cir.

 1996) (“[A] reasonably well-trained law enforcement officer should be familiar with

 the fundamental legal principle that both the ‘commission’ and ‘nexus’ elements of

 ‘probable cause’ include an essential temporal component.”).

¶ 37 Here, the supporting affidavit to the search warrant application was

 completely devoid of any indication as to when the events used to establish probable

 cause occurred. The affidavit did not include the date on which the officers’

 investigation began, the date when the officers were dispatched to Defendant’s

 address, the date when the officers spoke to Defendant regarding loud music, or the

 date when the officers smelled marijuana coming from inside Defendant’s building.

 The magistrate could not reasonably conclude that the search warrant application

 established probable cause because it failed to provide “facts so closely related to the

 time of issuance of the warrant,” as required for a valid search warrant. See Lindsey,

 58 N.C. App. at 565, 293 S.E.2d at 834. To allow issuance of a search warrant without

 such essential temporal information would encourage magistrates to make

 speculations and assumptions regarding probable cause, which would in turn violate

 constitutional protections against unreasonable searches and seizures. The State has

 provided no arguments on appeal to justify the officers’ otherwise warrantless search.

 Therefore, we hold the trial court erred in denying Defendant’s motion to suppress

 where the supporting affidavit provided no indication as to when the alleged criminal
 STATE V. LOGAN

 2021-NCCOA-311

 Opinion of the Court

 activities occurred. The affidavit was invalid; thus, any evidence obtained as a result

 of the search warrant was erroneously admitted at trial. See N.C. Gen. Stat. § 15A-

 974(a)(1) (2019) (“Upon timely motion, evidence must be suppressed if: [i]ts exclusion

 is required by the Constitution of the United States or the Constitution of the State

 of North Carolina . . . .”); see Campbell, 282 N.C. at 132, 191 S.E.2d at 757.

¶ 38 Because we conclude the trial court erred in denying Defendant’s motion to

 suppress, we do not need to address his remaining argument that the search warrant

 was overly broad in scope.

 VI. Conclusion

¶ 39 For the foregoing reasons, we reverse the order denying Defendant’s motion to

 suppress, vacate the judgment, and grant Defendant a new trial.

 NEW TRIAL.

 Judges DILLON and GORE concur